## SPRY *v.* SPRY.

Where an application for temporary alimony and attorney's fees was made by the respondent in a suit for divorce, and the judge, upon the hearing at chambers, where affidavits by the plaintiff and counter-affidavits by the respondent were submitted, took the case under advisement, allowing the parties one week in which to submit other affidavits, stipulating that they should be served upon the opposite party, and affidavits containing material evidence were submitted to the judge and considered by him, of which the opposing party knew nothing until after the judgment was rendered, the judgment allowing temporary alimony and attorney's fees to the wife will be reversed, and the case remanded for another hearing.

No. 2458. APRIL 15, 1921.

Alimony. Before Judge Dickerson. Berrien superior court. January 25, 1921.

*R. A. Hendricks,* for plaintiff in error. *Story & Story,* contra.

BECK, P. J. York Spry brought a libel for divorce against his wife, Mollie Spry, alleging cruel treatment, etc. The wife filed an answer denying the alleged acts of cruel treatment, and making a counter-charge of cruel treatment on the part of the husband.

She prayed for a total divorce from the libellant; and her petition also contained a prayer for permanent and temporary alimony. The petition for temporary alimony was heard at chambers, and certain sums stated were allowed upon the hearing for temporary alimony and counsel fees. To the judgment allowing temporary alimony the plaintiff excepted.

The evidence to support the allegations of the petition and answer was conflicting, and made the allowance of temporary alimony a question for the judge to dispose of in the exercise of a sound discretion. But there is one assignment of error based upon the facts certified to be true that requires a reversal of the judgment of the court below. That assignment relates to the reception and consideration of certain affidavits containing material evidence, which were submitted to the judge after he had taken the case under advisement, and were not submitted to the plaintiff or his counsel, and they were given no opportunity of rebutting these affidavits. When the case was heard at chambers, it is recited in the bill of exceptions, " the court took the case under advisement, but allowed the defendant one week in which to produce and submit to the court rebuttal testimony, upon condition that counsel for the plaintiff be served with rebuttal affidavits and given opportunity to rebut the same." Certain of the rebuttal affidavits containing material evidence were not served upon the opposite party, as required by the judge's order. While the affidavits which were submitted by the defendant upon the hearing might have authorized the judgment of the court, they did not require a judgment in her favor; and this court can not determine to what extent the judgment of the court was influenced by the affidavits which were submitted after the court took the case under advisement, and which were not served as the judge's order required. The facts stated in the record as to these affidavits require that the case be remanded for another trial. *Judgment reversed. All the Justices concur.*